IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01109-RPM

UNITED RENTALS, INC.,

        Plaintiff,

v.

GENIE INDUSTRIES, INC.;
ARROWOOD INDEMNITY COMPANY,
ARROWOOD SURPLUS COMPANY, and
HAYDEN CONSTRUCTION, INC., d/b/a
STEVE HAYDEN CONSTRUCTION,

        Defendants.

_____

MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT
_____

On August 10, 2002, Mark Johns sustained personal injuries while working at a Gart Brothers store in Denver, Colorado, using a boom lift rented by his employer, Hayden Construction, Inc., from United Rentals, Inc. ("United"). The boom lift had been manufactured by Genie Industries, Inc. ("Genie") and sold to United Rentals' predecessor. Johns and his wife sued United and Genie for damages, alleging product liability for defective equipment, negligence and breach of implied warranty against both defendants. Genie and United provided their own counsel to defend the action which ended with separate settlement agreements upon stipulated payments from each defendant. United paid $333,333.33 for a Full and Final Release in which the Johns plaintiffs acknowledged that they had no evidence of negligence of United and that their case only concerned product liability claims against United (Ex. J).

In this civil action, United seeks to recover its settlement payment and the costs of defense of the Johns' suit from Arrowood Indemnity Company and Arrowood Surplus Company on insurance policies issued by their predecessors, Royal Insurance Company of America and Royal Surplus Lines Insurance Company, to Genie and to Gart Brothers. United claims the same recovery from Genie as an alternative remedy based on certificates of insurance issued to United by a Genie employee. For convenience the insurers are referred to as Arrowood.

Arrowood issued two policies to Gart. One is a commercial general liability policy (CGL) and the other is a commercial auto policy. United contends that it qualifies as an insured under both policies. It is not necessary to consider that contention because neither policy has any applicability to the Johns' suit. No claims were made against Gart.

The principal focus of this case is Policy KHA 100528, a CGL policy issued by Arrowood to Genie. It provides coverage for bodily injury and property damage liability with a "retained limit" endorsement of $4 million per occurrence and $6 million in the aggregate for the policy period from January 1, 2002, to January 1, 2003, and includes the obligation to defend against any suit to which the insurance applies.

In effect, the retained limit, also referred to as a "self-insured retention," is a deductible. The deductible amount had not been met when the Johns suit was filed and when it was settled. Arrowood did not defend Genie in the Johns case and did not pay for its settlement.

United claims to be an additional insured as a result of a vendors endorsement

because it was a distributor of Genie made equipment and a listed vendor. That endorsement provides coverage for bodily injury or property damage arising out of Genie products distributed or sold in the regular course of the vendor's business with the exclusion of such liability alleged to be the result of any act or omission of the vendor, in whole or in part.

An additional endorsement to the Genie CGL policy provides for coverage of additional insureds for liability arising out of Genie's work performed under contract at the location designated in the contract.

Arrowood has no liability to defend or indemnify United under this policy. The retention limit applicable to Genie is equally applicable to United. The vendors endorsement is not applicable because the boom lift in use was owned by United and rented to Hayden. That rental was not a sale or distribution of the Genie product and the exclusion applies because Johns alleged that United caused the lift to be defective by changes, improper maintenance and negligence.

The other endorsement had no applicability because Genie was not performing any work at United's place of business.

There is no claim under Policy PHA 016749 because it is an excess policy tied to the CGL policy.

Recognizing that it may not succeed on its claims against Arrowood, United sued Genie for the same recovery. In November, 2000, Genie and United entered into a written agreement involving distribution of Genie products, the relevant terms of which are contained in Exhibit F to the plaintiff's third amended complaint. Paragraph B of that

agreement reads as follows:

> B. Indemnity. Genie shall assume liability and indemnify United Rentals, Inc. from and against any liability and all loss, costs, damages, expenses, including attorney's fees on account of claims for bodily injury, including death, sustained by any person or persons whomsoever, including employees of Genie, and for injury to or destruction of property of the person or organization, including loss of use thereof, <u>arising out of the performance of work by a Genie employee on United Rentals premises, except to the extent such matters are caused by the negligence or the willful misconduct of United Rentals, Inc.</u>

*Id.* at RSL 00095 (emphasis added).

To further protect United, Genie agreed to obtain CGL insurance, naming United as an "additional insured" as primary insurance in agreed amounts. To evidence compliance with that obligation, Genie prepared and gave to United a Certificate of Liability Insurance which did not disclose that Genie was self-insured for the first $4 million of liability. United claims reliance on that certificate of insurance to its detriment entitling it to recovery under a theory of promissory estoppel. That reliance was unjustified. The certificate was not authorized by the insurer, Arrowood, and, therefore, has no effect on the coverage of the issued Genie CGL policy. The certificate makes clear that it does not amend, extend or alter the coverage afforded by the policy and that it is subject to all of the terms of the policy. United failed to review the policy to determine the coverage it provided. At any rate, the obligation of Genie to protect United with insurance is limited to work done on United's premises by Genie employees. That does not affect United's liability for Johns' damages.

Upon the foregoing, it is

ORDERED that the plaintiff's motion for summary judgment is denied and the motions of the defendants Arrowood and Genie are granted.  Judgment will enter for dismissal of this action against those defendants and for their statutory costs.

DATED: June 18th, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge